IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES A. LEWIS,

                Plaintiff,

  v.

CHAD HENNEMAN, LORIE IVERSON,
LAURIE NEUROTH, ANTHONY BROADBENT,
ELLEN RAY, GARY BOUGHTON, MR. KARTMAN,
MS. SEBRANEK, WILLIAM BROWN, JOHN DOE 1,
and JOHN DOE 2,

                Defendants.

OPINION & ORDER

16-cv-733-jdp

---

Plaintiff James A. Lewis, a prisoner currently incarcerated at the Wisconsin Secure Program Facility (WSPF), brings this lawsuit alleging that WSPF officials harassed and disciplined Lewis in retaliation for his complaining about sexual harassment by one of the defendants. Lewis has made an initial partial payment of the filing fee for these lawsuits, as previously directed by the court.

The next step in the case is to screen the complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Lewis is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam). After reviewing the complaint, Dkt. 1, I will grant him leave to proceed on claims under the First Amendment and Fourteenth Amendment against defendants Chad Henneman, Lorie Iverson, and Laurie Neuroth. I will give him an opportunity to file an amended complaint stating claims against the remaining defendants.

ALLEGATIONS OF FACT

I draw the following allegations from Lewis's complaint. Dkt. 1.

Lewis works in the WSPF kitchen. One day, defendant Chad Henneman said "hmm . . . what an interesting view" while looking at Lewis, who was bent over, putting food in the kitchen cooler. Dkt. 1, at 2. Lewis "heatedly informed Henneman that he was not gay and did not appreciate Henneman's remarks." *Id.*

Lewis reported the harassment to defendants Lorie Iverson, Laurie Neuroth, Anthony Broadbent, William Brown, Ellen Ray, Ms. Sebranek, Gary Boughton, and the Victim Service Coordinator, John Doe 2, by filing inmate grievances and other forms of communication. They all responded to Lewis, although not as quickly or in the manner that Lewis would have liked. For example, Sebranek told Lewis to talk to his unit manager, and Ray dismissed Lewis's grievance as moot because Iverson told her she had already spoken with Henneman. An investigation into the harassment was performed in October 2015.

Lewis alleges that Henneman retaliated against him for reporting the harassment by bullying him and writing conduct reports accusing him of disrespect, disruptive behavior, and poor work performance. Because of one of these conduct reports, Iverson and Neuroth fired Lewis from his job in the kitchen and Lewis was confined to his room for five days. Because of another one of Henneman's conduct reports, Lewis lost seven days of recreation and phone access. Lewis appealed one of these conduct reports, and defendant John Doe 1 denied his appeal. Lewis filed another grievance about the retaliation, and Brown and Ray dismissed it without investigating. Boughton approved the dismissal.

ANALYSIS

Lewis brings claims against defendants for harassing and disciplining Lewis in retaliation for complaining about sexual harassment, in violation of his First and Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983.

**A. First Amendment retaliation claims**

To prevail on a First Amendment retaliation claim, Lewis "must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (quoting *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)). A prisoner's right to file a grievance is constitutionally protected. *Hopkins v. Linear*, 395 F.3d 372, 375 (7th Cir. 2005); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Being fired and losing privileges such as recreation and phone time would likely deter a person from complaining or filing grievances in the future, *see, e.g.*, *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Harris v. Fleming*, 839 F.2d 1232, 1236-37 (7th Cir. 1988), and Lewis has alleged that defendants Henneman, Iverson, and Neuroth took actions that resulted in these deprivations because of his complaints. So I conclude that Lewis has stated a First Amendment retaliation claim against defendants Henneman, Iverson, and Neuroth.

Lewis alleges that the remaining defendants retaliated by not responding to his complaints. But it appears that these defendants *did* respond to Lewis's complaints, just not in a way that Lewis would have liked. Lewis has not alleged that the remaining defendants took any actions that would likely deter First Amendment activity in the future or that

3

Lewis's complaints were a motivating factor in their decisions to respond in the ways they did. Lewis's allegations that Brown and Ray denied his grievance, that Boughton approved the denial, and that John Doe 1 denied Lewis's appeal of Henneman's conduct report because of Lewis's complaints are conclusory. Lewis has not stated a claim for retaliation against the remaining defendants. But I will give him an opportunity file an amended complaint alleging facts showing that the remaining defendants impeded the grievance process to such an extent that a person of ordinary firmness would be deterred from filing grievances, *see David v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003), and that they were motivated to do so, at least in part, by Lewis's complaints.

## B. Fourteenth Amendment equal protection claims

Lewis contends that defendants' retaliatory actions violated his right to equal protection under a "class of one" theory because they singled him out for harassment in retaliation for his complaints. A plaintiff may bring a class-of-one equal protection claim for being treated "intentionally . . . differently from others similarly situated" for no rational reason. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 799 (7th Cir. 2015) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). This will be a difficult claim for Lewis to prove, because class-of-one claims are generally disfavored in the prison context, at least where they involve discretionary decision-making by prison officials. *See, e.g., Taliaferro v. Hepp*, No. 12-cv-921, 2013 WL 936609, at *6 (W.D. Wis. Mar. 11, 2013) ("[C]lass-of-one claims are likely never cognizable in the prison disciplinary context . . . ."). But because Lewis alleges that he was singled out for harassment for no rational reason, I will allow him to proceed on class-of-one claims against defendants Henneman, Iverson, and Neuroth. Lewis has not pled facts showing that the other defendants retaliated against him, so he has not

4

stated a claim under the equal protection clause against them. But I will give him an opportunity to file an amended complaint alleging facts showing that the remaining defendants intentionally singled out Lewis for harassment for no rational reason.

I will stay service of Lewis's complaint on Henneman, Iverson, and Neuroth pending screening of Lewis's amended complaint. Lewis must file his amended complaint by January 9, 2017. If he does not do so, I will order that copies of his complaint and this order be served on Henneman, Iverson, and Neuroth and the case will proceed against only these three defendants.

### ORDER

IT IS ORDERED that:

1. Plaintiff James A. Lewis is GRANTED leave to proceed on the following claims:

    a. Defendants Henneman, Iverson, and Neuroth retaliated against him for complaining about Henneman's sexual harassment in violation of his First Amendment rights.

    b. Defendants Henneman's, Iverson's, and Neuroth's retaliatory actions violated his right to equal protection under a "class of one" theory.

2. Plaintiff's claims against defendants Anthony Broadbent, Ellen Ray, Gary Boughton, Mr. Kartman, Ms. Sebranek, William Brown, John Doe 1, and John Doe 2 are DISMISSED for failure to comply with Federal Rule of Civil Procedure 8. Plaintiff may have until January 9, 2017, to file an amended complaint that provides a short and plain statement of a claim against these defendants.

Entered December 16, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge