IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES A. LEWIS,

            Plaintiff,

v.                                                     OPINION & ORDER

CHAD HENNEMAN, LORIE IVERSON, and          16-cv-733-jdp
LAURIE NEUROTH,

            Defendants.

---

Several motions are before the court in this case brought by pro se plaintiff James A. Lewis, currently incarcerated at the Wisconsin Secure Program Facility (WSPF).

I previously granted Lewis leave to proceed on First Amendment retaliation and Fourteenth Amendment equal protection claims against defendants, WSPF officials Chad Henneman, Lorie Iverson, and Laurie Neuroth, concerning harassment and discipline Lewis suffered in retaliation for his complaining about sexual harassment by Henneman. Lewis now moves for assistance in recruiting counsel, an order compelling discovery, sanctions, and an evidentiary hearing. Dkt. 14; Dkt. 15; Dkt. 20; Dkt. 21. I will address each of his motions in turn.

**A. Motion to compel**

Lewis explains that he attempted to obtain declarations from three non-party WSPF officials, who each initially indicated their willingness to sign a declaration but later refused to do so. Lewis does not seek to compel these non-parties to sign declarations (nor could he). Rather, he seeks an order compelling defendants to produce an email from Ellen Ray, the WSPF litigation coordinator, that he believes convinced the officials not to provide declarations. Lewis

twice asked defendants to produce this email; defendants declined to do so, claiming attorney-client privilege and work product protection. After Lewis filed his motion, defendants provided a partially redacted version of the email. *See* Dkt. 18-1. Lewis wants the unredacted version. Defendants explain that some of the redacted text is "contact information of WSPF employees." Dkt. 18, ¶ 2. Lewis doesn't request that information, and likely wouldn't be entitled to it anyway, so I will not order defendants to reveal those portions of the document. But a couple lines of redacted text appear to be the body of emails sent in response to Ray's original message. When they produced the partially redacted document, defendants did not explain why they redacted this text, although in a later filing they state that the redactions "are communications between DOJ employees and the litigation coordinator and the litigation coordinator and named defendants in this case," and therefore are privileged. Dkt. 23, at 4. Defendants should have explained this when they originally produced the email, *see* Fed. R. Civ. P. 26(b)(5)(A), but because it appears that the redacted emails were sent in anticipation of litigation, they are subject to protection as trial-preparation materials. I will not order defendants to reveal them.

Lewis also seeks defendant Chad Henneman's disciplinary records concerning "harassment, bullying, retaliation, and any misconduct, sexual or otherwise." Dkt. 15, at 7–8. Lewis twice asked defendants to produce these records; defendants declined to do so because employment records are confidential, their release would pose a security risk, and "the facts underlying any disciplinary actions are not similar to the plaintiff's claims in this case." Dkt. 16-1, at 21. After Lewis filed his motion, defendants provided a "letter of expectation" from Henneman's personnel file concerning an interaction between Henneman and another inmate, *see* Dkt. 18-2, but they still refuse to produce Henneman's disciplinary records, arguing

that the record "is not relevant in helping Lewis to establish that Henneman retaliated against Lewis" and citing "security concerns," specifically "sensitive information," including "information on the inner-workings of the institution disciplinary process, . . . which could be used against" former and current staff. Dkt. 17, at 3.

Defendants' relevance argument is not well taken. Lewis alleges that Henneman sexually harassed him and then bullied him in retaliation for reporting the harassment. Records indicating that Henneman harassed, bullied, or retaliated against others or engaged in other types of sexual misconduct while working at WSPF likely would be relevant to Lewis's claims, even if the factual scenarios were different. So I will grant Lewis's motion to compel the production of these records. (Records of discipline for other types of misconduct are not relevant, so I will deny Lewis's motion to compel that limited category of disciplinary records.) Security concerns may justify limits on discovery in prisoner civil rights actions. *See Sheppard v. Walker*, No. 12-cv-703, 2015 WL 1000000, at *1 (W.D. Wis. Mar. 6, 2015). A compromise solution, such as allowing the plaintiff to view the documents but not retain possession of them, is often appropriate. *See Turner v. Rataczak*, No. 13-cv-48, 2014 WL 834721, at *3 (W.D. Wis. Mar. 4, 2014). Here, defendants propose submitting the disciplinary records to the court for an *in camera* inspection to determine whether production is appropriate. I conclude that defendants' proposal is appropriate. When defendants submit the disciplinary records to the court, they must also explain how best to allow Lewis to review the relevant portions of these records without compromising the institution's security. I can theorize how sensitive information contained within the records might possibly pose a security risk, but defendants should explain specifically what information they don't want to reveal and why. After

inspecting the records and considering defendants' response, I will instruct defendants on how to produce them to Lewis.

B. **Motion for sanctions**

Lewis moves under Federal Rule of Civil Procedure 37 for an award of sanctions. He argues that because defendants produced a redacted version of Ray's email after Lewis filed his motion to compel, sanctions are required under Rule 37(a)(5). Defendants argue that their initial nondisclosure was substantially justified because their counsel believed (mistakenly) that the email was privileged, and only determined that it was not privileged "after further deliberation and consultation with other colleagues." Dkt. 23, at 3. I am not inclined to agree—the deliberation and consultation should have occurred when Lewis originally requested the email, not after he moved to compel its production. Defendants offer no explanation for the delay. But regardless, I will not sanction defendants because Lewis has not identified any expenses incurred in making his motion. Sanctions under Rule 37(a)(5) are limited to "the movant's reasonable expenses incurred in making the motion, including attorney's fees." Lewis appears pro se, so he has not incurred any attorney fees. Due to this court's e-filing program, he did not pay for postage. Perhaps he paid for a few dozen sheets of paper, although Wisconsin institutions sometimes provide paper for free. In any event, because Lewis has not identified any expenses incurred, I will deny his motion for sanctions as moot.

C. **Motion for an evidentiary hearing**

Lewis complains that he was unable to collect declarations from three non-party WSPF officials because of Ray's email. He wants to depose these officials, but lacks the funds to pay for a court reporter. So he moves the court for an evidentiary hearing so that he may obtain their testimony. Dkt. 21. In his motion, Lewis notes that the declarations he drafted for the

non-parties contained "little more" than the information about his excellent work performance listed in his offender performance evaluation, Dkt. 16-1, at 18, and information about Henneman's poor conduct with Lewis listed in an employee investigation report, *id.* at 19. He already has the documents, so it's unclear why he wants this cumulative evidence. But regardless, evidentiary hearings are not a discovery tool; the court will hold such a hearing only when necessary to decide a pending motion before it. There is no such motion pending in this case, so I will deny Lewis's motion. But I will address Lewis's underlying concern about obtaining information from these officials. No one, including the court, can force a non-party to sign a declaration. Should Lewis seek more information from these non-parties, he may issue subpoenas under Federal Rule of Civil Procedure 45 requesting the production of documents or the non-parties' testimony at a deposition. If necessary, he may also issue subpoenas requesting their testimony at an evidentiary hearing or trial.

**D. Motion for assistance in recruiting counsel**

Litigants in civil cases do not have a constitutional right to a lawyer, and I have discretion to determine whether assistance recruiting counsel is appropriate in a particular case. *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007). To prove that assistance recruiting counsel is necessary, this court generally requires that a pro se plaintiff: (1) provide the names and addresses of at least three lawyers who decline to represent him in this case; and (2) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *Id.* at 655; *see also Young v. Cramer*, No. 13-cv-077, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013).

Lewis identifies three attorneys whom he has contacted about representation in this case, so that requirement is satisfied. But he has not shown that he lacks the ability to litigate his claims. He points to his difficulties in conducting discovery, but discovery is something that every pro se litigant must accomplish and is not alone a reason to recruit counsel. And at this point, Lewis appears capable of navigating the discovery process ably. So I will deny his motion to recruit counsel without prejudice to renewing it later in the case. If he does renew his motion, he should identify what tasks, specifically, he is unable to perform without counsel.

ORDER

IT IS ORDERED that:

1. Plaintiff James A. Lewis's motion to compel production of documents, Dkt. 15, is GRANTED in part and DENIED in part, consistent with the opinion above.

2. By December 21, 2017, defendants must submit Chad Henneman's disciplinary records concerning harassment, bullying, retaliation, and sexual misconduct to the court, under seal, for an *in camera* inspection, and a proposed method for allowing Lewis access to these records without compromising the Wisconsin Secure Program Facility's security.

3. Plaintiff's motion for sanctions, Dkt. 20, is DENIED as moot.

4. Plaintiff's motion for an evidentiary hearing, Dkt. 21, is DENIED.

5. Plaintiff's motion for assistance in recruiting counsel, Dkt. 14, is DENIED without prejudice.

Entered December 14, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge