IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES A. LEWIS,

    Plaintiff,

v.

CHAD HENNEMAN, LORIE IVERSON, and
LAURIE NEUROTH,

    Defendants.

OPINION & ORDER

16-cv-733-jdp

---

Plaintiff James A. Lewis, a prisoner currently incarcerated at the Wisconsin Secure Program Facility (WSPF), brings this lawsuit alleging that defendants, WSPF officials Chad Henneman, Lorie Iverson, and Laurie Neuroth, harassed and disciplined Lewis in retaliation for his complaining about sexual harassment by Henneman. I granted Lewis leave to proceed on First Amendment retaliation and Fourteenth Amendment equal protection claims against defendants. Each side has filed a motion for sanctions. I will deny Lewis's motion and direct the clerk of court to schedule an evidentiary hearing on defendants' motion. I will reserve ruling on the remaining pending motions in this case until defendants' motion for sanctions is resolved.

**A. Lewis's motion for sanctions**

Lewis contends that defendants failed to comply with my January 29, 2018 order, Dkt. 63, instructing defendants to allow Lewis to review partially redacted copies of defendant Chad Henneman's disciplinary records. Lewis asks me to sanction defendants by denying their summary judgment motion. Dkt. 67.

The facts here are undisputed. On January 29, I ordered defendants to arrange for Lewis to view partially redacted copies of the disciplinary records available at Dkt. 37-1 and Dkt. 37-2. I ordered defendants to do so by February 5. I extended the deadline for Lewis's summary judgment response to February 28 to allow him time to review the records. Defendants' counsel arranged for Lewis to review Dkt. 37-2, a 163-page exhibit containing the detailed employee investigation reports relating to Henneman's disciplinary record, on January 31. But Lewis never received a copy of Dkt. 37-1, a three-page summary of the disciplinary record. Defendants' counsel explains that she "inadvertently neglected" to make Dkt. 37-1 available to Lewis. Dkt. 68, at 2. She mailed Lewis a copy of Dkt. 37-1 with her response to Lewis's motion for sanctions on February 23 and explains that she would have done so earlier if Lewis had notified her of the issue before filing his motion. *See id.* Lewis says he didn't receive Dkt. 37-1 until February 28, the same day his response brief was due.

Counsel's "inadvertence" is becoming a common theme in this litigation. *See* Dkt. 63, at 2 ("Defendants explain that their late disclosure was accidental . . . ."). Had Lewis asked for leave to file a supplemental response incorporating information gleaned from Dkt. 37-1, I would have likely granted his request. But it does not appear that Lewis had anything to add after reviewing Dkt. 37-1. After all, Dkt. 37-1 is simply a summary of the records contained in Dkt. 37-2. I will not sanction defendants for what appears to be a harmless oversight. But I warn defendants' counsel that I will not look favorably upon any future errors or incidents of neglect.

### B. Defendants' motion for sanctions

Next, defendants claim that Lewis falsified a record, Dkt. 64-1, that he submitted to the court in opposition to defendants' summary judgment motion. They ask me to sanction Lewis by dismissing this case. Dkt. 81.

Unlike Lewis's motion for sanctions, the facts concerning defendants' motion for sanctions are very much disputed. But I'll begin with the common ground. In July 2015, Henneman issued a conduct report alleging that Lewis violated two DOC rules: Rule 303.63, concerning inadequate work or school performance, and Rule 303.33, concerning disruptive conduct. Lewis contested the conduct report. Captain Lebbeus Brown served as the hearing officer for the conduct report. He reviewed the conduct report on August 3, 2015, and approved a disposition of three days' room confinement. In support of their summary judgment motion, defendants submitted what appears to be the original copy of the conduct report form. *See* Dkt. 31-2. It bears two checkmarks indicating that Lewis was found guilty of both rule violations. In opposition to defendants' summary judgment motion, Lewis submitted a carbon copy of the conduct report form. *See* Dkt. 64-1. On Lewis's copy, the initials "LB" are written next to the "guilty" checkmark for Rule 303.63, and the "not guilty" box is checked, instead. The parties agree that Lewis's copy of the conduct report form was altered after the original conduct report form was completed.

The parties dispute who altered the form. Lewis states, in a declaration, that Brown made the change before giving the copy to Lewis and told Lewis that "he would do the same to the original." Dkt. 91, ¶ 2. Defendants accuse Lewis of altering it in an attempt to defeat defendants' summary judgment motion. They point to Brown's declaration, in which he states that he does not recognize the initials on Lewis's copy as his handwriting, that he did not

3

amend his findings of guilt for Lewis's conduct report, and that he has never altered a carbon copy of a conduct report—any changes he makes to conduct reports are made on the original version with the carbon copy underneath so that both copies reflect the change.

In sum, the parties genuinely dispute whether Lewis altered the copy of the conduct report that he submitted to the court. If he did, he has not only submitted falsified evidence to the court, but he has perjured himself as well. Dismissal with prejudice would be "entirely warranted" in such a situation. *Jackson v. Murphy*, 468 F. App'x 616, 620 (7th Cir. 2012); *see also Howell v. Broadbent*, No. 16-cv-477, 2018 WL 1433852, at *3 (W.D. Wis. Mar. 22, 2018). But to obtain that sanction, defendants must prove by a preponderance of the evidence that Lewis in fact altered the copy of the conduct report. *See Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 778 (7th Cir. 2016), *cert. denied*, 138 S. Ct. 116 (2017). So I will direct the clerk of court to schedule an evidentiary hearing so that I can make a determination about whether Lewis altered the copy of the conduct report.

ORDER

IT IS ORDERED that:

1. Plaintiff James A. Lewis's motion for sanctions, Dkt. 67, is DENIED.

2. The clerk of court is directed to schedule a hearing on defendants' motion to dismiss the case as a sanction, Dkt. 81.

Entered May 1, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge