IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES A. LEWIS,

                Plaintiff,

    v.                                                  OPINION & ORDER

CHAD HENNEMAN, LORIE IVERSON, and              16-cv-733-jdp
LAURIE NEUROTH,

                Defendants.

---

      Plaintiff James A. Lewis, a prisoner currently incarcerated at the Wisconsin Secure Program Facility (WSPF), brings this lawsuit alleging that defendants, WSPF officials Chad Henneman, Lorie Iverson, and Laurie Neuroth, harassed and disciplined Lewis in retaliation for his complaining about sexual harassment by Henneman. I granted Lewis leave to proceed on First Amendment retaliation and Fourteenth Amendment equal protection claims against defendants. Defendants claim that Lewis falsified a conduct report, Dkt. 64-1, that he submitted to the court in opposition to defendants' summary judgment motion. They have asked me to sanction Lewis by dismissing this case. Dkt. 81.

      The parties agree that conduct report was altered, but they disagree about who altered it. I held a hearing on May 18, 2018, to resolve this factual dispute. I warned Lewis that if I concluded that he had altered the conduct report, I would dismiss the case with prejudice. *See* Dkt. 94. To enter such a sanction, it must be proven by a preponderance of the evidence that Lewis in fact submitted evidence that he falsified. *See Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 778 (7th Cir. 2016), *cert. denied*, 138 S. Ct. 116 (2017).

Lewis testified for himself at the hearing. Defendants called (1) Ellen Ray, an institution complaint examiner; and (2) Lebbeus Brown, a captain at the time who made the finding of guilt on the conduct report at issue and delivered it to Lewis.

Each witness testified credibly. Lewis testified that when Brown brought the conduct report to his cell, he asked Brown to change the finding of guilt to not guilty, and that Brown agreed to do so; Brown made the alteration on Lewis's copy of the conduct report and indicated that he would make the same alteration to the original, too.

Brown explained the conduct report review system and his typical procedures with conduct reports, which would have made manual modification of the inmate's copy of the conduct report at the cell door unlikely. He acknowledged that he had a method for changing the finding on a conduct report (collecting and reassembling the other parts of the form, then making a change on the original). This suggests that from time to time, he might have occasion to make a last-minute change to a conduct report.

Brown had no specific recollection of the conduct report at issue, so he could not directly refuse Lewis's account. And Lewis made a good point that he did not need the modified conduct report to resist summary judgment, which would make it unlikely that he had modified the conduct report for that purpose. Plus, Lewis had corroborating evidence—his own grievance form—showing that he believed the conduct report had been altered shortly after it was issued. If the grievance had been investigated, as Lewis hoped it would be, the institution complaint examiner soon would have discovered the discrepancy between Lewis's copy of the conduct report and the institution's records, which makes it unlikely that Lewis modified the conduct report to support his grievance.

In sum, defendants have not convinced me that Lewis altered the conduct report. And with this level of uncertainty, I will not impose the severe sanction of dismissing the case. I will not, however, allow Lewis to use the modified conduct report for any purpose in this case, because I am not convinced that it is authentic. The July 9 trial date remains on the calendar; the parties may expect a ruling on defendants' summary judgment motion before the pretrial filings deadline.

ORDER

IT IS ORDERED that defendants' motion for sanctions, Dkt. 81, is DENIED.

Entered May 21, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge